USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/14/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SYLVIA ALVAREZ,

                        Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

21-CV-00885 (VEC) (GRJ)

ORDER ADOPTING REPORT & RECOMMENDATION

VALERIE CAPRONI, United States District Judge:

       Plaintiff Sylvia Alvarez brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the Commissioner of the Social Security Administration ("SSA")'s denial of her application for Disability Insurance Benefits ("DIB"). *See generally* Compl., Dkt. 1. On February 2, 2021, the Court referred this matter to the Magistrate Judge for the preparation of a Report and Recommendation ("R&R"). Order of Reference, Dkt. 7.[1] The parties have cross-moved for judgment on the pleadings. *See* Nots. of Mot., Dkts. 21, 23. On June 10, 2022, Magistrate Judge Jones issued an R&R recommending that Plaintiff's motion be granted, that the Commissioner's motion be denied, and that the case be remanded for further proceedings. R&R, Dkt. 28 at 1–2. In the R&R, Judge Jones notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings. *Id.* at 22–23. Judge Jones further noted that failure to file objections would result in both the waiver of objections and the preclusion of appellate review. *Id.* Neither party filed objections. *See* Def. Letter, Dkt. 31 (informing Court that Defendant would not file objections). For the following reasons, the Court ADOPTS the

---

[1] Although the case was originally assigned to Magistrate Judge Barbara Moses, it was eventually reassigned to Magistrate Judge Gary Jones.

R&R in full. Plaintiff's motion is GRANTED, Defendant's cross-motion is DENIED, and the case is REMANDED for further proceedings consistent with Judge Jones's R&R.

## DISCUSSION

In reviewing final decisions of the SSA, courts "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (quoting *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008)). "'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made — here, the entire R&R — "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Careful review of Judge Jones's R&R reveals that there is no clear error in his conclusions. Judge Jones evaluated the Administrative Law Judge's ("ALJ") decision using the correct standard of review. R&R at 4–5. It is clear Judge Jones thoroughly reviewed the record, including Ms. Alvarez's medical history and her subjective complaints, as well as the bases for the ALJ's findings. *See* R&R at 9–10.

To summarize briefly: Ms. Alvarez applied for benefits on November 9, 2018, alleging

that she became disabled on August 29, 2018. Pl. Mem., Dkt. 22 at 1. Among other issues, her claim for DIB arose from her history of acute asthma, which grew progressively worse in the years 2017 and 2018, and her claims of depression. *See, e.g.*, *id.* at 1–7. After the SSA denied Ms. Alvarez's application, she requested a hearing before an ALJ, which occurred on January 28, 2020. R&R at 2 (citations omitted). The ALJ determined that Ms. Alvarez was not disabled under the Act and therefore not entitled to benefits for the relevant period — a decision that was denied review by the Appeals Council. Administrative Record ("Record"), Dkt. 15 at 1–6. The ALJ relied on the five-step process required under the Act to determine whether an individual has a disability. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v). These steps require evaluating: (1) whether the claimant is performing substantial gainful activity, which precludes a disability finding; (2) the medical severity of the impairments; (3) the medical severity of the impairments under the Act's listings, which define certain impairments as inherently disabling; (4) the claimant's residual functional capacity ("RFC") and past relevant work; and (5) that same capacity assessment in combination with the individual's age, education, and work experience. *Id.* The ALJ found that Ms. Alvarez had not performed substantial, gainful activity since she allegedly became disabled; that her obesity, lumbar impairment, and asthma constituted severe impairments; that Ms. Alvarez did not have an impairment or combination of impairments equivalent to the listed impairments under the Act; and that Ms. Alvarez was capable of performing certain forms of work, including her past work as a receptionist. Record at 12–13, 14–16, 19–20.

To evaluate the ALJ's findings, Judge Jones correctly applied the "substantial evidence" standard. R&R at 4 (citation omitted). There must be "more than a mere scintilla" of evidence for an ALJ's conclusions to meet this standard. *Selian*, 708 F.3d at 417.

Judge Jones found, first, that the ALJ did not adequately address Ms. Alvarez's subjective complaints in determining the nature of her medical impairments and the effect of those impairments on her capabilities.  R&R at 10–11.  The ALJ must engage in a credibility assessment of subjective complaints, first determining whether the claimant's alleged impairment "could reasonably be expected to produce the symptoms alleged" and then considering whether the symptoms are consistent with the objective medical evidence and other evidence in the record.  *Id.* at 8–9 (citations omitted).  Although the ALJ found that Ms. Alvarez's impairments and symptoms aligned, the ALJ concluded that her statements regarding the nature of the effects of those symptoms on her life were not credible.  *Id.* at 10 (citing Record at 15 ("After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.")).  Judge Jones found that the ALJ "did not provide a sufficient explanation as to how the record contradicted Plaintiff's testimony regarding shortness of breath, chronic fatigue, and constant coughing, exacerbated by conversation."  *Id.* at 11.  Judge Jones also determined that the ALJ did not provide a sufficient explanation for the finding that Ms. Alvarez's subjective complaints were inconsistent with her management of her alleged impairments.  *Id.* at 12 (citing Record at 372, 450, 488, 660, 669, 702, 727).  Judge Jones also found that the ALJ improperly treated a consultative examiner's list of strenuous activities that Plaintiff should avoid as exclusive, *id.* at 13 (citations omitted), failed to explain how activities Plaintiff occasionally performs, such as household chores, are inconsistent with her subjective complaints, *id.*, and ignored Plaintiff's extensive work history,

which is a factor supporting the credibility of her complaints, *id.* at 14.  Judge Jones found that, for many of the same reasons that the ALJ had not met the substantial evidence standard in determining the nature of Ms. Alvarez's medical impairments.  Finally, Judge Jones found that the ALJ's determinations regarding Ms. Alvarez's RFC and her ability to perform her past relevant work as a reception clerk were not adequately supported by the record.  *Id.* at 18–21.

The Court finds no clear error in Judge Jones' thorough analysis of the Record and his application of the substantial evidence standard and agrees with his conclusion.

## CONCLUSION

With no clear error in Judge Jones's analysis or conclusions, the Court adopts the R&R in full.  For the foregoing reasons, Plaintiff's motion to remand the case for further administrative proceedings is GRANTED.  Defendant's motion for judgment on the pleadings is DENIED.

Because the R&R gave the parties adequate warning, *see* R&R at 22–23, the failure to file any objections to the R&R precludes appellate review of this decision.  *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citation omitted).

The Clerk of Court is respectfully directed to terminate all open motions and close this case.

**SO ORDERED.**

Date:  July 14, 2022  
       New York, New York

                                         **VALERIE CAPRONI**  
                                         **United States District Judge**